UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-06401 PSG (JEMx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | OneWest Bank, N.A. v. Jeff Donohue, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order REMANDING case to state court

On October 9, 2012, Defendants Jeff Donohue and Richard Eyman (collectively "Defendants") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff OneWest Bank, N.A. ("Plaintiff"). Dkt # 1. After reviewing Defendants' notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2015) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for federal question jurisdiction to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law, and does not present a federal question.

Defendants' notice of removal argues federal question jurisdiction is established because the action falls within the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"), 12 U.S.C. § 5220. *Not.* 2:2-9. Defendants contend that the PTFA preempts the California unlawful detainer law under which Plaintiff brought this action. *Id.* Defendants' contentions amount to an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-06401 PSG (JEMx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | OneWest Bank, N.A. v. Jeff Donohue, *et al.* | | |

argument that federal question jurisdiction is established based on Defendants' preemption defense to the unlawful detainer action. This argument is contrary to law. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

There is also no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Defendants' notice of removal does not establish the citizenship of the parties. Furthermore, the Complaint states the amount demanded does not exceed $200 per day since June 2, 2015, which falls around $23,000. *Compl.* ¶ 10. This is far below the statutory requirement that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Moreover, the Complaint only prays for possession of the premises and costs of suit. *Compl.* at ¶ 10. There is no indication that this amount could possibly exceed $75,000. Therefore, diversity jurisdiction is also lacking.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS the case to state court.

**IT IS SO ORDERED.**